David Abrams, Attorney at Law (DA-8126)
305 Broadway, Ninth Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Eastern District of New York

---

Campbell,

        Plaintiff,

- against -

Consolidated Edison Company of
New York; Steadman Parking
Services, LLC; Cone-Hives
Productions, LLC; and Alfred Steadman

        Defendants.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2005 ★
BROOKLYN OFFICE

Index No.: CV 05 2420

GERSHON, J.

POHORELSKY, M.J.

## COMPLAINT

Plaintiff, complaining of the Defendants by his/her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

### I. Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act and New York Wage & Hour Regulations.

### II. Parties

2. Plaintiff Campbell is a natural person residing in the State of New York, County of Kings.

3. Upon information and belief, defendant Steadman Parking Services, LLC. (the "Primary Employer") is a New York Limited Liability Company with a principal place of

business at 505 West 148th Street Suite 53, New York, New York 10031. Upon information and belief, the Primary Employer is the successor in interest to Defendant Cone-Hives Productions LLC.

4. Upon information and belief, Defendant Cone-Hives Productions LLC ("Cone-Hives") is a New York Limited Liability Company with a principal place of business at 505 West 148th Street Suite 53, New York, New York 10031.

5. Upon information and belief, defendant Consolidated Edison Company of New York, Inc. (the "Secondary Employer") is a business corporation with a principal place of business at 4 Irving Place, New York, NY 10003.

6. Upon information and belief, defendant Alfred Steadman ("Steadman") is a natural person residing in the State of New York, County of New York. Upon information and belief, Steadman is the owner and chief officer of the Primary Employer and Cone-Hives.

### III. Venue & Jurisdiction

7. Venue in the Eastern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that all of the Defendants (collectively, the "Employer") reside in New York and, upon information and belief, the Secondary Employer maintains a continuous and systematic presence in the Eastern District.

8. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act.

9. Personal jurisdiction exists over the Defendants in that, upon information and belief, all reside in the State of New York.

**IV.  Background**

10. Upon information and belief, the Primary Employer is in the business of keeping streets clear to assist in maintenance work performed by the Secondary Employer.

11. Mr. Campbell was employed by the Primary Employer and/or Cone-Hives as a parking services assistant until his employment ended in or about April, 2005.

12. Upon information and belief, Mr. Campbell was subject to the direction and control of supervisors employed by the Secondary Employer and used equipment provided by the Secondary Employer.

13. While employed by the Employer, Campbell was not paid a proper overtime premium as required by the Fair Labor Standards Act.

**V.  Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

14. The allegations contained in paragraphs 1 through 13 are incorporated as if restated herein.

15. Plaintiff was an employee of the Primary Employer and Cone-Hives within the meaning of the Fair Labor Standards Act.

16. The Primary Employer and Cone-Hives were employers within the meaning of the Fair Labor Standards Act.

17. Upon information and belief, The Secondary Employer was an employer of Campbell within the meaning of the Fair Labor Standards Act in that it was a joint employer of Mr. Campbell.

18. Upon information and belief, Steadman was an employer of Mr. Campbell within the meaning of the Fair Labor Standards Act in that, upon information and belief, he acted directly or indirectly in the interest of the other Defendants.

19. The Defendants violated the Fair Labor Standards Act in that it they did not properly compensate Campbell for the overtime he worked.

### Count II:   Violation of New York Wage & Hour Law

20. The allegations contained in paragraphs 1 through 19 are incorporated as if restated herein.

21. Mr. Campbell was an employee of the Defendants within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

22. The Defendants were employers within the meaning of those same regulations.

23. The Defendants violated the above regulations in that they did not compensate Mr. Campbell for the overtime hours he/she worked.

WHEREFORE Mr. Campbell demands judgment against the Defendants in the amount of her unpaid overtime, together with liquidated and other multiple damages, costs, fees, interest, and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
  Attorney for Plaintiff
Campbell
305 Broadway, Ninth Floor
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated:   New York, NY
         May 15, 2005

4